UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INGRID WHEELER, individually and as Mother and Guardian of JOHN BOSK III, a disabled adult,<br>    Plaintiffs,<br><br>v.<br><br>STEPHEN QUARTINO, TIMOTHY CROSTON, and UNITED STATES OF AMERICA,<br>    Defendants. | CIVIL ACTION<br>NO. 12-40121-TSH |

**MEMORANDUM AND ORDER ON FRCP 12(b)(6) MOTION BY DEFENDANTS QUARTINO AND CROSTON TO DISMISS COUNT I OF THE COMPLAINT IN PART, AND TO DISMISS COUNTS II-V IN THEIR ENTIRETY (Docket No. 13)**
**May 23, 2013**

**HILLMAN, D.J.**

### Nature of the Case

Plaintiffs, Ingrid Wheeler, individually and as mother and guardian of John Bosk III, a disabled adult, filed suit against individual Defendants, Stephen Quartino and Timothy Croston, Special Agents with the United States Treasury Inspector General for Tax Administration, and the United States of America in connection with Quartino having shot and killed their dog while he and Croston where on their property seeking to speak to one of the residents.  Plaintiffs have alleged claims: under 42 U.S.C. §1983 for violation of the Fourth and Fourteenth Amendments (Count I); under the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12, §§11H and11I (Count II); for Assault (Count III); for Negligent and Intentional Infliction of Emotional Distress (Count IV); for Trespass (Count V); and under the Federal Tort Claims Act  (Count VI).   Counts I-V are

asserted against Quartino and Croston in their individual capacities. Count VI is asserted against the United States.

## Discussion

The United States Attorney has certified that Quartino and Croston were acting within the scope of their federal employment at the time of the incident giving rise to the Plaintiffs' Complaint. Consequently, Defendants have filed a motion to dismiss Count I to the extent that Plaintiffs are alleging claims under the Fourteenth Amendment and Counts II-V, which are alleging state law claims, in their entirety.

Plaintiffs assent to the Defendants' motion to the extent that in Count I they are alleging claims under the Fourteenth Amendment and 42 U.S.C. §1983, while leaving intact in that count their Fourth Amendment claims pursuant to *Bivens v. Six Unknown Fed. Narcotic Agents,* 403 U.S. 388, 91 S.Ct. 1999 (1971). They further assent to dismissal of Counts II through V, without prejudice, to seek re-substitution of the individual Defendants should the evidence establish that one or both of them acted outside the scope of their federal employment. Accordingly, the Defendants' motion to dismiss shall be *granted* and the following Order shall issue.

## Conclusion

IT IS HEREBY ORDERED that:

The FRCP 12(b)(6) Motion By Defendants Quartino And Croston To Dismiss Count I Of The Complaint In Part, And To Dismiss Counts II-V In Their Entirety (Docket No. 13) is *granted* as follows:

1. Count I of the Complaint is dismissed with prejudice to the extent that it asserts a claim under 42 U.S.C. § 1983 and/or a *Bivens* claim alleging a violation of the Fourteenth

Amendment. Count I survives to the extent that it asserts a *Bivens* claim alleging a violation of the Fourth Amendment.

    2. Counts II-V of the Complaint, including both counts labeled "Count IV," are dismissed without prejudice to Plaintiffs' right to challenge the United States Attorney's certification that Defendants Quartino and Croston were acting within the scope of their employment at the time of the actions alleged in those counts.

                                       **/s/ Timothy S. Hillman**
                                         TIMOTHY S. HILLMAN
                                         DISTRICT JUDGE